# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MONICA JUNEAU**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 25-109-BAJ-RLB**

**SOUTHEAST AUTO SALES LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 19, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MONICA JUNEAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-109-BAJ-RLB** |
| **SOUTHEAST AUTO SALES LLC** | |

## REPORT AND RECOMMENDATION

This Report and Recommendation is issued *sua sponte.* This matter is before the Court on an Order to Show Cause issued on October 27, 2025 directing plaintiff to show cause why the claim against defendant should not be dismissed under Local Rule 41(b) where no responsive pleadings have been filed or no default has been entered within sixty days after service of process, except when Fed. R. Civ. P. 12(a)(3) applies or a dispositive motion is pending. (R. Doc. 15). A review of the record shows no indication that plaintiff did not receive the order to show cause.

Plaintiff, both as a pro se litigant and through her prior counsel, has been warned that dismissal of this action may be warranted pursuant to Local Rule 41(b)(1)(B) for failure to prosecute if a properly served defendant has failed to timely file an answer and no default is entered. (R. Docs. 10, 13, 14). Plaintiff's former counsel advised that plaintiff had terminated his representation. (R. Doc. 12).

The Court notes that this matter was initiated by Complaint on February 5, 2025 with summons requested by counsel, then issued by the Clerk of Court on March 11, 2025 and summons returned executed by March 12, 2025. (R. Docs. 5, 6, 7). Following that date, plaintiff made no filings with the Court and the response to show cause filed by former counsel indicated representation was terminated on March 21, 2025, 9 days after summons were returned executed.

(R. Doc. 12). A review of the record reflects that new counsel has not enrolled in this matter, plaintiff has failed on multiple occasions to comply with Court Orders, and plaintiff has made little to no effort to prosecute this matter.

As a practical matter, the case cannot proceed if Plaintiff continues to disregard the Court's orders. Plaintiff has failed to respond to the Court's recent Order to show cause, and there is no indication in the record that plaintiff has not received the Court's prior Ords. Plaintiff's failure to prosecute effectively deprives the defendant of the opportunity to defend itself from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14-day period to advise the Court if she intends to proceed with this case and explain why this matter should not be dismissed due to repeated disregard for this Court's orders. The timeframe to submit objections to this Report and Recommendation will give that time.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on February 19, 2025.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE